STATE of Maine

v.

**Robert E. HARDING.**

Supreme Judicial Court of Maine.

April 2, 1979.

---

David W. Crook, Dist. Atty. (orally), J. Michael Talbot, Asst. Dist. Atty., Skowhegan, for plaintiff.

Butler & Bilodeau by William Thomas Hyde (orally), Skowhegan, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Indicted, tried, and convicted of breaking, entering, and larceny, 17 M.R.S.A. § 2103, following a June 28, 1976 jury trial in the Superior Court, Somerset County, the defendant, Robert E. Harding, appeals on the single ground that an outburst in the courtroom denied him a fair trial.

We deny the appeal.

The testimony and evidence brought out at trial indicated that Elly Mae Gleason, her husband, Buddy Gleason, and the defendant planned to break into a farmhouse in Solon and steal some valuable antiques. In the early morning hours of March 30, 1975, Mrs. Gleason, driving a 1964 Volkswagen van, dropped the defendant and her husband off near the dwelling. Observed inside the farmhouse by Wilbur Davis, the property's caretaker, the two quickly exited. Davis, however, notified the authorities and followed the van for approximately one hour until the trio was apprehended by the police.

Both Davis and Mrs. Gleason testified on the State's behalf. The defendant does not challenge the sufficiency of their testimony or the evidence. Rather, his concern is with an incident which transpired during his case-in-chief. On the stand he testified that he was fortuitously in the van when it was stopped by the police having been given a ride by the Gleasons sometime after the break. On cross-examination, he was being questioned on his version of the events when the following transpired:

Q. Was there anyone else in the van that got out when you got in?

A. Not to my knowledge.

.    .    .    .    .

Q. Did you get into the back at all?

A. No, I didn't.

Q. Did you see what was in the back of the van?

A. No.

Q. Was anyone in the back of the van?

A. No.

(Elly Mae Gleason, the State's second witness is in the back of the courtroom at this time, and shouts out, "You was.")

THE COURT: No—no. I'll see counsel at the sidebar.

(Bench conference.)

THE COURT: (To the Court Officer) Will the sheriff escort the lady who made the remark out of the courtroom, please?

MR. HUNT: I would ask, Your Honor, to caution the jury—well, I will respectfully request a mistrial at this time. And if the Court does not see fit to grant a mistrial, I would suggest that the jury be cautioned that an outburst like that is not testimony, and to be disregarded.

THE COURT: All right, I will do so. (End of bench conference.)

THE COURT: Mr. Foreman and members of the jury, outbursts of that character are not evidence, and you're not to consider it. You understand this? (Heads start nodding in the jury box.)

The gravamen of the defendant's complaint on appeal is that Gleason's outburst, occurring during a crucial time of his cross-examination and directly impugning his testimony, deprived him of a fair trial. According to the defendant, the presiding Justice committed reversible error in not granting a mistrial.

At the outset, we note that following the disturbance the defendant requested a mistrial or, in the alternative, a cautionary jury instruction. Having received exactly what he sought—a cautionary instruction—defendant made no further objection. To now argue on appeal that a mistrial should have been granted, after having been entirely satisfied with the presiding Justice's ameliorative measure, is tantamount to never having asked for a mistrial at all. See *State v. Thibodeau*, Me., 353 A.2d 595 (1976). Our review is therefore circumscribed by M.R.Crim.P. 52(b), viz., whether "the alleged error manifestly deprived the defendant of a fair proceeding." *State v. Doucette*, Me., 398 A.2d 36, 39 (1978).

In *State v. Gagne*, Me., 349 A.2d 193 (1975), we considered whether the presiding Justice abused his discretion in not granting defendants' motion for a mistrial in a similar but much more egregious context. There, the victim of a high and aggravated assault and robbery, after testifying to particularly humiliating conduct on the part of the defendants, was seen embracing her husband in the rear of the courtroom. Notwithstanding that this emotional manifestation may have had a potential for creating sympathy towards the prosecutrix, we found no "urgent, manifest and imperious necessity mandating a mistrial in the furtherance of justice." *Id.* at 198. In the instant case, by contrast, there has been neither the commission of a heinous crime nor an emotional outburst by the victim of that offense. The incident herein had but a negligible capacity to bias or influence the jury, particularly since Mrs. Gleason's statement was nothing more than a reiteration of her testimony. Moreover, the prejudicial effect, if any, attributable to the statement was dissipated when the presiding Justice promptly admonished the jury to disregard the outburst. No error, let alone manifest error, was committed.

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.